## William Turnbull and James Jones *vs.* Levi Farnsworth.

The transfer of a contract to furnish supplies to the United States, being forbidden by law, is void; and no action can be maintained thereon.

A court will leave all the parties to such a transaction in the condition it finds them.

No valid counter claim can be based on such illegal transfer.

Error to Second Judicial District.

*B. F. Dennison* for plaintiff in error.

*J. M. Fletcher* for defendant in error.

Opinion by Lewis, Associate Justice.

Action upon a promissory note, non-negotiable, executed by the plaintiffs in error to one Crawford, who, for value, assigned the same to the defendant in error.

Several defences were set up in the answer of the defendants in the District court, to the second and third of which the plaintiff interposed his demurrer which was sustained and the material error presented for our consideration is, whether the District court erred in sustaining such demurrer.

The second defense set up is this: That prior to November 1873, one, George A. Ladd, entered into a contract with the government of the United States, to furnish and deliver at Fort Walla Walla, for the use of the troops there stationed, certain wood and forage; such contract being in writing and duly signed and approved.

That on November 3, 1873, Ladd, by an instrument in writing, of that date, by him signed and executed, pretended to sell and assign his right, title and interest in said contract, to one James Crawford, his heirs and assigns.

That on 26th November, 1873, Crawford, by an instrument in writing, by him executed and signed, pretended to sell and assign to plaintiffs in error his right, title and interest in said contract.

That the note sued on was executed by plaintiffs in error to Crawford as a part of the consideration for the sale and assignment by Crawford, to them, of said contract—and for no other consideration whatever.

That the sale and transfer by Ladd to Crawford, and by Crawford to plaintiffs in error was void, and that the note sued on, was without any consideration.

Under the provisions of the code, Turnbull and Jones may set up any defense to this note that they could set up were the suit brought in the name of Crawford.   Code of 1873, Section 4.

The statutes of the United States as to these contracts for furnishing supplies, provide that "No contract or order or any interest therein, shall be transferred by the party or parties to whom such contract or order may be given, to any other party or parties; and any such transfer shall cause the annulment of the contract so far as the United States are concerned."   U. S. Stat. at Large, Vol. 12, 596.

The sale and transfer of this contract by Ladd to any person is expressly forbidden by statute, and it follows that such transfer was void.   Now, if the sale to Crawford was void, there is no doubt but that the sale by Crawford to Turnbull and Jones was void also.

The case then, as made by this second defense, is that of a promissory note given for, and in consideration of, the doing of an act prohibited by law.

This brings the case within the well settled principle of law, that "No action can be maintained on a contract, the consideration of which is either wicked in itself, or prohibited by law." *Armstrong vs. Toler*, 11 Wh., 258; *Woodworth vs. Bennett*, 43 N. Y., 273.

The object and purpose of the statute is to secure a fair competition among bidders in contracting for supplies to be furnished the government, to the end, that the government may obtain them at reasonable rates, as also to prevent unlawful combinations on part of bidders and others, and to accomplish this the law hath not only prohibited the transfer of such contracts, but hath declared that any *such* transfer shall cause an annulment of the contract.

In the case before us Ladd violated the law in making this contract an article of trade and commerce, and Crawford became a party to such illegal act, and took nothing by it.   He acquired no interest in such contract, and the transfer by him was a mere nullity.

Ladd, Crawford, Turnbull and Jones, are all parties to this illegal transaction. Unfortunately for Farnsworth he stands in the shoes of Crawford, and like poor "Tray" he is found in bad company and must suffer the consequences.

The court will leave the parties just in the position it found them, and will not lend its aid in the enforcement of such contracts.

The demurrer as to this defense should have been overruled.

As to the third defense, we think the demurrer well taken. The transfer was illegal; there is no obligation to pay the note given in consideration therefor; hence the counter-claim is based on the assignment and transfer of the contract, and there being no valid contract of assignment, there can be no valid counter-claim based thereon.

The judgment of the District court is reversed and the case remanded.